**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: December 29 2011**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 07-33707 |
| | ) | |
| Jeffrey T. Hasselbach, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER REGARDING OBJECTIONS TO CLAIM

Debtor proposes in his confirmed Chapter 13 plan to cure a mortgage arrearage to Fifth Third Bank and maintain post-petition mortgage payments. A lawyer representing Fifth Third Bank's signed and timely filed a proof of claim on behalf of Fifth Third Bank that included its claimed arrearages. The United States Trustee ("UST") and Debtor each filed an objection to the claim of Fifth Third Bank.

The claim as originally filed on behalf of Fifth Third Bank included state court foreclosure court costs totaling of $4,550.00. [Claim 4-1]. The UST compared the claimed court costs with state court records and found discrepancies with the filed proof of claim, including an apparent failure to credit to Debtor a refund in the court costs.

After the objections were filed and before the hearing, Fifth Third Bank amended its proof of claim on October 31, 2011. [Claim 4-2]. Specifically, the claimed court costs were amended, re-categorized and reduced to $4,106.15 to match the total to the state court records, a reduction of $443.85 in the amount that Debtor will have to cure through his Chapter 13 plan. These changes were shown by the three exhibits the

UST submitted at the hearing.

As the amendment to the proof of claim shows, the objections were well-taken. The parties do not now dispute the accuracy of the amended claim and specifically the court costs asserted therein as part of the arrearages to be cured by Debtor through his plan. The amendment nevertheless begs the questions how and why the inaccurate claim was originally filed, whether Fifth Third Bank would have fixed or even caught the mistake if the UST had not undertaken a review of the state court records and filed its objection, whether there are other similarly inaccurate claims in other pending cases in this district and what can be done to assure that the problem here, and perhaps with respect to other cases, does not happen again.

The filing of mortgage arrearage claims in bankruptcy cases should not be a process of "gotcha" burdening Debtors and the UST with reviewing state court records on every such claim where a foreclosure proceeding has been commenced prior to bankruptcy to confirm that the amounts sought are indeed accurate. While the amount of the difference between the original claim and the amended claim in this case is not objectively large, it is subjectively material to a financially struggling debtor. In this case, the $443.15 reduction between the original and amended claim is an amount that exceeds one month's principal and interest due on the underlying mortgage debt. And if the problem caught here through the UST's efforts is systemic, the financial impact of the problem worsens.

Accordingly, while Fifth Third Bank's amended arrearage claim will not be disallowed, the court will grant the objection as to the original claim and fashion under Section 105(a), 11 U.S.C. § 105(a), relief that will enable the parties to determine whether there is a systemic problem that must be independently addressed. In connection with the directive in this order, the Clerk has transmitted by e-mail to counsel for Fifth Third Bank data from the court's electronic filing system that will enable the broader review required by this court order.

Based on the foregoing and as otherwise stated by the court on the record at the hearing, for good cause shown,

**IT IS ORDERED** that United States Trustee's Objection to Claim Number 4-1 filed by Fifth Third Bank [Doc. #13] is **GRANTED.** Fifth Third Bank's claim as originally filed at Claim 4-1 is disallowed, and its claim shall be paid through Debtor's plan only pursuant to the amended claim filed on October 31, 2011 as Claim 4-2; and

**IT IS FURTHER ORDERED** that Debtor's Motion Objecting to Claim [Doc. #15] is **GRANTED**. Fifth Third Bank's claim as originally filed at Claim 4-1 is disallowed, and its claim shall be paid through

Debtor's plan only pursuant to the amended claim filed on October 31, 2011 as Claim 4-2; and

**IT IS FURTHER ORDERED** that Fifth Third Bank shall supplement its response to the claims objections with an explanation of how and why the problem of claiming inaccurate foreclosure court costs that occurred in this case occurred, and describe procedures that have been or will be implemented to correct the problem and preventing it from occurring again, including if necessary a procedure for follow up on any post-filing changes in the costs taxed by the state court; and

**IT IS FURTHER ORDERED** that counsel for Fifth Third Bank shall review the mortgage claims it filed on behalf of Fifth Third Bank in this district between January 1, 2009, and November 29, 2011, to confirm the accuracy of any foreclosure costs claimed in mortgage arrearages, and file a report of its review; and

**IT IS FINALLY ORDERED** that the actions specified in this order must be taken on or before **thirty days from the date of entry of this order.** The United States Trustee may then request a further hearing in response to these filings as it deems appropriate.